UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-00580-CAS(MAN) | Date | April 17, 2015 |
|---|---|---|---|
| Title | BOBBY TROTTER v. THE STATE OF CALIFORNIA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers)** MOTION TO DISQUALIFY (Dkt. No. 3, filed April 13, 2015)

    Plaintiff filed this civil rights action on March 26, 2015.  Plaintiff's motion to disqualify Magistrate Judge Margaret A. Nagle from presiding over his case, filed on April 13, 2015, has been referred to the undersigned judicial officer.  Dkt. Nos. 3, 4.  The Court construes the motion as arising under 28 U.S.C. §§ 144 and 455.  Section 144 provides for disqualification whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  The affidavit must set forth "the facts and the reasons for the belief that bias or prejudice exists."  Id.  Section 455 requires a judge or magistrate judge to disqualify herself in any proceeding in which she is actually biased, or in which her impartiality might reasonably be questioned

    Under both statutes, the standard for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)).  "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal."  Studley, 783 F.2d at 939; see also Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045–46 (9th Cir. 1987) (erroneous rulings do not justify a finding of judicial bias).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-00580-CAS(MAN) | Date | April 17, 2015 |
|---|---|---|---|
| Title | BOBBY TROTTER v. THE STATE OF CALIFORNIA, ET AL. | | |

     Having reviewed the motion, the Court finds no grounds to disqualify Judge Nagle. Plaintiff asserts that Judge Nagle presided over a previous case brought by plaintiff.[1] He contends that Judge Nagle "overlooked" and "ignored" plaintiff's constitutional rights, and refused to "reverse and dismiss" plaintiff's conviction. Dkt. No. 3 at 1–2. Plaintiff "object[s] to [Judge Nagle's] bias and prejudice," id. at 2, but offers no basis for this alleged bias other than his apparent disagreement with Judge Nagle's rulings in his prior case, and does not set forth any details about those rulings which would enable a reasonable person to conclude that Judge Nagle might not be impartial. As set forth above, plaintiff's disagreement with Judge Nagle's prior rulings is not proof of bias, and is not a proper basis for disqualification.

     For these reasons, the motion to disqualify Judge Nagle is **DENIED**.

     IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | CMJ |

---

[1] Although it is not clear from plaintiff's motion, it appears that he may be referring to a habeas petition presided over by Judge Nagle and the undersigned, Case Number 2:02-cv-08450-CAS-MAN (filed Nov. 4, 2002). In that proceeding, Judge Nagle recommended that plaintiff's petition be denied in a thorough report and recommendation, which this Court accepted on July 14, 2004.